**THE DISTRICT COURT OF GUAM**

IVAN RUSAKOV,

Plaintiff,

vs.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES; TODD BLANCHE, Attorney General of the United States; JOSEPH EDLOW, Director of USCIS; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; SHAWN N. ANDERSON, U.S. Attorney for the District Court of Guam,

Defendants.[1]

CIVIL CASE NO. 25-00043

**DECISION AND ORDER RE MOTION TO DISMISS**

Before the court is Defendants' Motion to Dismiss. *See* Mot., ECF No. 11. For the reasons stated herein, Defendants' Motion to Dismiss is hereby **GRANTED**.

## I. Background

This civil action was filed on November 21, 2025. Compl., ECF No. 1. Plaintiff Ivan Rusakov seeks an order to compel Defendants to timely adjudicate his Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-845 Application"). *Id.* at 1. Plaintiff

[1] Pursuant to FED. R. CIV. P. 25(d), Mr. Todd Blanche and Mr. Markwayne Mullin are substituted for Ms. Pam Bondi and Ms. Kristi Noem, respectively.

filed his Form I-845 Application with the U.S. Citizenship and Immigration Services ("USCIS") on March 15, 2024, less than a month after the Immigration court granted him asylum on February 27, 2024. *Id.* at ¶ 10. Plaintiff's Form I-845 Application was pending with USCIS when he filed this civil action.

Plaintiff claims the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at ¶ 2. These federal questions include the Administrative Procedures Act, 5 U.S.C. § 706, and the federal mandamus statute, 28 U.S.C. § 1361. *Id.* at ¶ 2. Plaintiff also references generally to the Immigration and Nationality Act. *Id.* Defendants, on the other hand, filed the instant motion to dismiss under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. *See* Mot., ECF No. 11.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A challenge to subject matter jurisdiction is decided under FED. R. CIV. P. 12(b)(1), which can either be a facial or factual attack on the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Because Defendants here are attacking the allegations contained in the complaint in that they are insufficient on their face to invoke federal jurisdiction, the court applies FED. R. CIV. P. 12(b)(6) standard and accepts as true the allegations in the complaint, construing the pleading in the light most favorable to the non-moving party. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The plaintiff bears the burden of establishing subject matter jurisdiction, and the court must dismiss the action if it determines that jurisdiction is lacking. *See Kokkonen*, 511 U.S. at 377.

## III. Discussion

### A. Administrative Procedure Act and Mandamus Act

The Administrative Procedure Act ("APA") allows for judicial review where "[a] person suffer[ed] legal wrong because of agency action, or [was] adversely affected or aggrieved by agency action." 5 U.S.C. § 702. APA also gives the reviewing court the authority to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). However, judicial review is limited to federal agency actions that are nondiscretionary. Where an action is discretionary, the APA does not apply. 5 U.S.C. § 701(a)(2). The reviewing court can compel agency action "only if there is a specific, unequivocal command placed on the agency to take a discrete agency action and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal quotation marks and citations omitted).

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief will only be granted if the following three elements are met: "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003). "Mandamus will lie only to compel a ministerial duty plainly defined by law, and not to compel an exercise of discretion[.]" *Wilmot v. Doyle*, 403 F.2d 811, 816 (9th Cir. 1968) (citation omitted).

"Because mandamus relief and relief under the APA are in essence the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [the court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (citations and internal brackets omitted). Here, Plaintiff seeks identical relief under the APA and the Mandamus Act. Accordingly, the court will analyze

Plaintiff's claim under the APA only, as he has an adequate remedy under the APA.

Here, Plaintiff challenges the government agency's delay in adjudicating his Form I-845 Application. Compl., ECF No. 1. Defendants argue that because asylee adjustment of status is a discretionary determination, the court lacks jurisdiction to compel adjudication under 8 U.S.C. § 1252(a)(2)(B)(ii). Mot. at 5-6, ECF No. 11. Further, Defendants argue that Plaintiff has failed to show that USCIS has a nondiscretionary and required duty to complete its adjudication of the application within a specific timeframe.[2] *Id.* at 8-9.

As noted above, APA provides for judicial review of nondiscretionary agency actions. Thus, the question before this court is whether USCIS has a nondiscretionary duty to timely adjudicate Plaintiff's Form I-485 Application. The court finds that it does not. The court finds that the pace at which applications are adjudicated is discretionary. Although the Ninth Circuit has yet to decide on this particular issue and the district courts within the Ninth Circuit are split, the court finds the decision of its sister court in Central District of California in *Khachutorov v. Britten*, 792 F. Supp. 3d 1106 (C.D. Cal. 2025), to be instructive. In that case, it noted that "[e]very circuit court to consider [the issue of the pace at which applications for adjustment of

---

[2] In his Opposition, Plaintiff argues that Defendants are missing the point of his argument. He argues that while the "ultimate decision to grant or deny an I-485 application is discretionary, the duty to process the application is not." Opp'n. at 3, ECF No. 12 (emphasis omitted). Plaintiff relies on *Saleh v. Ridge* and *Norton v. Southern Utah Wilderness Alliance*. *Id.* at 3-4. However, these cases do not support Plaintiff's position.

In *Saleh v. Ridge*, the district court in Southern District of New York noted that "the APA alone does not provide an independent basis for subject matter jurisdiction" and "in order to warrant relief under the mandamus statute, 28 U.S.C. § 1361, Plaintiff must establish that Defendants owe him a clear, non-discretionary duty." 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005). In fact, that court's holding supports Defendants' position here. It held that "[a]djustment of immigration status, however, is a discretionary act, and in keeping with the plain language of 8 U.S.C. § 1255(a), courts have consistently found mandamus inappropriate in actions based on the government's failure to adjust an applicant's status." *Id.* (quotation marks and brackets in original omitted) (citation omitted).

In *Norton v. S. Utah Wilderness All.*, the Supreme Court reiterated that "a claim under [the APA] can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."542 U.S. 55, 64 (2004). Plaintiff has not shown that Defendants' failure to act is a "discrete agency action" that USCIS "is required to take."

status are adjudicated] has held that the challenged policy constitutes a discretionary decision and is therefore shielded from judicial review under [8 U.S.C.] § 1252(a)(2)(B)(ii)." *Khachutorov*, 792 F. Supp. 3d at 1113-14.

Under 8 U.S.C. § 1252(a)(2)(B), the court is prohibited from reviewing denials of adjustment of status applications, as well as other discretionary actions. It states that "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review—. . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [8 U.S.C. § 1151-1382] to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii). *See also Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024) (Section 1252(a)(2)(B)(ii) is "a broader catchall provision—referencing 'any other decision or action' left to the discretion of the agency. . . . We read 'any other decision or action' expansively to cover all determinations made in support of a grant of discretionary relief under subsection (ii).").

The procedure for adjustment of status is governed by § 245 of the Immigration and Nationality Act ("INA"). Specifically, under 8 U.S.C. § 1159, the Secretary of Homeland Security or the Attorney General, in their "*discretion* and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum who—(1) applies for such adjustment, (2) has been physically present in the United States for at least one year after being granted asylum," among other things. 8 U.S.C. § 1159(b)(1)-(5) (emphasis added).

As the court in *Khachutorov* found, the "language of each applicable statute" in this case makes clear that the governmental action is discretionary. *See* 8 U.S.C. § 1159(b)(1) and 8 U.S.C. § 1252(a)(2)(B)(ii). Further, Plaintiff here "failed to point to any authority showing a

specific, unequivocal command that the government adjudicate" Form I-845 Application within a given period. *See Vietnam Veterans of Am.*, 811 F.3d at 1075. The court adopts the reasoning in *Khachutorov* that "while there is disagreement among district courts in the Ninth Circuit as to whether the government has a nondiscretionary duty to adjudicate applications for adjustment of status within a reasonable time, the recent holdings in *Geda*,[3] *Kale*,[4] *Cheejati*,[5] *Thigulla*,[6] and *Kanapuram*,[7] as well as the dicta in *Zia* suggesting that the Ninth Circuit reads § 1252(a)(2)(B)(ii) expansively, support a conclusion that government decisions regarding the pace of review of an application are generally discretionary and therefore insulated from judicial review." *Khachutorov*, 792 F. Supp. 3d at 1114. Therefore, the court finds that it lacks subject matter jurisdiction over Plaintiff's APA and Mandamus claims.

**B. There is no unreasonable delay in Plaintiff's case.**

Assuming *arguendo* that this court has subject matter jurisdiction, the court finds that there is no unreasonable delay here. Plaintiff was granted asylum by the Immigration court on February 27, 2024. Less than three weeks after, on March 15, 2024, Plaintiff filed his Form I-845 Application. At the time, Plaintiff's application was inactionable since he has not been physically present in the United States for at least one year after being granted asylum. *See* 8 U.S.C. § 1159(b)(2). Less than two years after filing his inactionable Form I-845 Application and approximately nine months after his one-year anniversary of having been granted asylum to which he would have then qualified to file a Form I-845 Application, Plaintiff filed this instant civil action, on November 21, 2025. The court finds that a nine-month delay of when he was qualified to apply for an adjustment of status is not an unreasonable delay.

---

[3] *Geda v. Dir. United States Citizenship & Immigr. Servs.*, 126 F.4th 835 (3d Cir. 2025).
[4] *Kale v. Alfonso-Royals*, 139 F.4th 329 (4th Cir. 2025).
[5] *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1126 (2025).
[6] *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024).
[7] *Kanapuram v. Dir., US Citizenship & Immigr. Servs.*, 131 F.4th 1302 (11th Cir. 2025).

**IV. Conclusion**

Based on the foregoing, the court lacks subject matter jurisdiction. Amendment of the complaint would be futile because Plaintiff cannot cure the jurisdictional defect discussed above. Accordingly, the court **GRANTS** Defendants' motion to dismiss and orders the Clerk of Court to enter a Judgment consistent with this Order.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Sep 30, 2026**